Travelers Prop. Cas. Co. of Am. v Burlington Ins. Co. (2020 NY Slip Op 01307)





Travelers Prop. Cas. Co. of Am. v Burlington Ins. Co.


2020 NY Slip Op 01307


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Renwick, J.P., Mazzarelli, Moulton, González, JJ.


11133 156200/15

[*1] Travelers Property Casualty Company of America, et al., Plaintiffs-Appellants,
v
The Burlington Insurance Company, Defendant-Respondent.


Kenney Shelton Liptak Nowak LLP, Buffalo (Matthew C. Ronan of counsel), for appellants.
Adrian & Associates, LLC, New York (Charles Benedict Bergin of counsel), for respondent.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered on or about April 25, 2018, which, to the extent appealed from, denied plaintiffs' motion for summary judgment declaring that defendant must defend plaintiffs Plaza-Schiavone Joint Venture (PSJV) and Plaza Construction LLC as additional insureds in the underlying personal injury action, unanimously affirmed, with costs.
The relevant blanket additional insured endorsement to the policy issued by defendant to nonparty subcontractor Sal Vio Construction Corp. provided additional insured coverage to "any person or organization for whom you [Sal Vio] are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy." The written subcontract between Del Savio Masonry Corp. and PSVJ contained such an agreement, i.e., that Del Savio would add PSJV and Plaza as additional insureds under its policy (see Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co., 143 AD3d 146, 151 [1st Dept 2016], affd 31 NY3d 131 [2018]). However, Del Savio assigned its rights and obligations under the subcontract to nonparty Sal Vio Construction Corp., and defendant argues that it is not bound by the assignment. We disagree.
Under the assignment, Sal Vio, the assignee, "acknowledges that its obligation [sic] and liabilities under the Agreement [the PSJV-Del Savio subcontract] are effective as of the date Assignor signed The [sic] Agreement (as if Assignee was the original signatory thereof)." Thus, "by virtue of the assignments and assumptions obligating them to be bound by the same [subcontract]," defendant may be obligated to insure PSJV and Plaza (see Holbrook Realty, LLC v Peerless Ins. Co., 2019 WL 4862073, *8, 2019 US Dist LEXIS 131843, *21-22 [ED NY, August 5, 2019, No. 18-CV-1005 (JMA) (SIL)]). However, as defendant points out, issues of fact exist whether the assignment was made prior to the date of the underlying plaintiff's [*2]accident. The assignment expressly states that it is "effective as of the date of this Assignment." However, the assignment is not dated, and plaintiffs' evidence failed to establish prima facie the effective date.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK